COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


KELLY ANNE DARA

MEMORANDUM OPINION[*] BY
v.          Record No. 2795-95-1          JUDGE NELSON T. OVERTON
FEBRUARY 11, 1997
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Thomas S. Shadrick, Judge

Thomas B. Shuttleworth (Lawrence H. Woodward,
Jr.; Beverly A. Rebar; Shuttleworth, Ruloff &
Giordano, P.C., on brief), for appellant.

Monica S. McElyea, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Kelly Anne Dara was convicted by a jury of first-degree murder, conspiracy to commit robbery, and attempted robbery. She appeals, contending that (1) the Commonwealth's failure to produce allegedly exculpatory evidence in the juvenile court denied her a proper transfer hearing, and (2) that the Commonwealth's nolle prosequi of the indictment in the circuit court required a new transfer hearing. We disagree with both of these contentions, and we affirm the convictions.

The parties are fully conversant with the record in the cause, and because this memorandum opinion carries no precedential value, no recitation of the facts is necessary.

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

The evidence complained of by Dara consists of a statement given to the police made by Josh Johnson, the co-conspirator who actually committed the killing.  His statement claims that Dara was not present when he actually stabbed and killed the victim and that Dara did not want to kill the victim.[1]  Johnson's statement was in the possession of the Commonwealth at the time of the transfer hearing, but was not disclosed to the defense, despite a discovery order.

Assuming for the purposes of this decision that the statement was exculpatory and should have been disclosed prior to the transfer hearing, the information contained was not material to the transfer hearing.  Independent evidence supported the juvenile court's finding of probable cause for the conspiracy to commit robbery and the attempted robbery.  The statement does not contradict or discredit these findings.  Because the victim was killed while defendant was engaged in the felony of attempted robbery, probable cause need not be found that Dara intended to kill to satisfy a charge for first-degree (felony) murder.  See Haskell v. Commonwealth, 218 Va. 1033, 1044, 243 S.E.2d 477, 483 (1978).  Therefore, Johnson's statement would not alter the ultimate finding of probable cause on any of the charges at issue.

---

[1]The statement also alleges that Dara helped plan the intended robbery of the victim, however.

Nor would Johnson's statement affect the transfer to circuit court.  Dara was transferred under Code § 16.1-269.1(B).  Under that subsection, the court is not required to consider the factors under Code § 16.1-269.1(A)(4) if the offender is fourteen or older and charged with an unclassified felony violation of Chapter 4 of Title 18.2 punishable by life imprisonment.  Dara was seventeen at the time of the offense and charged with first-degree murder, an offense punishable by life imprisonment.  She could thus be transferred upon a finding of probable cause without considering other factors.

Dara's second issue on appeal is without merit.  A new transfer hearing is not required after the Commonwealth enters a nolle prosequi on the indictments in circuit court.

Although a nolle prosequi generally discontinues the prosecution as though the indictment had never existed, <u>Burfoot v. Commonwealth</u>, 23 Va. App. 38, 44, 473 S.E.2d 724, 727 (1996), the General Assembly has statutorily modified this mechanism within the juvenile justice framework.  The applicable Code section, amended in 1994, now provides that

> [t]he circuit court order advising the attorney for the Commonwealth that he may seek an indictment <u>shall divest the juvenile court of its jurisdiction over the case</u> as well as the juvenile court's jurisdiction over any other allegations of delinquency arising from the same act, transaction or scheme giving rise to the charge for which the juvenile has been transferred.

Code § 16.1-269.6(C) (emphasis added).  This Court in <u>Burfoot</u>

recognized the new change in the statute, stating that

> under the new statute, the juvenile and
> domestic relations district court loses
> jurisdiction for all time over a juvenile
> defendant when the Commonwealth is authorized
> by the circuit court to seek an indictment.
> <u>Thus, if the Commonwealth enters a nolle
> prosequi of that indictment, the circuit
> court retains jurisdiction over the juvenile.</u>

<u>Burfoot</u>, 23 Va. App. at 43 n.2, 473 S.E.2d at 727 n.2 (emphasis added).

The nolle prosequi in the instant case did not have the same effect as it would have if decided under the old statute. Under the new statute, the circuit court retains jurisdiction and the Commonwealth may, as it did, seek new indictments without having to return to the juvenile court.

For the reasons stated, we affirm the convictions.

<u>Affirmed.</u>